# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-50045
Summary Calendar

SAHRA GRUBE,

Petitioner-Appellee,

v.

MARKUS GRUBE,

Respondent-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-814

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

A German court's divorce decree awarded primary custody of Petitioner Sahra Grube's and Respondent Markus Grube's daughter to Petitioner. After the child did not return to Germany following a scheduled visit with Respondent in San Antonio, Petitioner filed a petition in the district court seeking return of the child under the Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601–11611. The court granted the petition and ordered Respondent to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

return the child to Germany. The court also granted Petitioner's unopposed motion for an award of attorney's fees and costs totaling $28,162.70.

Despite failing to object to Petitioner's motion in the district court, Respondent appeals the order granting the motion, arguing that: (1) the district court lacked subject matter jurisdiction over the petition; (2) Petitioner failed to follow the district court's local rules in filing the motion; and (3) the attorney's fees and costs awarded were "clearly excessive." The first argument is patently frivolous. As the district court noted in its October 30, 2007 order, 42 U.S.C. § 11603(a) grants "[t]he courts of the States and the United States district courts . . . concurrent original jurisdiction of actions arising under the Convention [on the Civil Aspects of International Child Abduction]." Respondent's failure to object to Petitioner's motion in the district court precludes our consideration of the second and third arguments. See, e.g., LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal."). The district court's judgment is therefore AFFIRMED.